DECISION AND JOURNAL ENTRY.
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made.
{¶ 1} Appellant, Melvyn Hunt, appeals the decision of the Lorain County Court of Common Pleas, which found him guilty of theft of a motor vehicle. This Court affirms.
 I. {¶ 2} In April 2001, Angela Brown's car broke down and her grandmother had the vehicle towed to the home of Edward Schilens. Ms. Brown's car had been at Mr. Schilens home approximately two weeks, when Mr. Schilens contacted Lawrence Brown, Angela's father, and told him that the car had to be removed from his property. Mr. Schilens informed Mr. Brown that appellant would remove the vehicle from his property and take it to his home.
 {¶ 3} When Angela decided to have the vehicle repaired, her father contacted appellant. At that time, appellant told Mr. Brown that he had junked the car. Angela found her car at a junkyard.
 {¶ 4} On November 13, 2001, appellant was indicted by the Lorain County Grand Jury on one count of theft of a motor vehicle, a violation of R.C. 2913.02(A)(1). Appellant entered a plea of not guilty, and the case proceeded to a jury trial. The jury found appellant guilty, and the trial court sentenced him to a term of imprisonment of one year.
 {¶ 5} On December 31, 2002, appellant filed a motion to stay execution and fix conditions of release. The State responded in opposition to the motion. This Court denied appellant's motion. On January 23, 2003, appellant filed a motion for judicial release. The State filed a response in opposition to appellant's motion for judicial release. The trial court denied appellant's motion for judicial release. Appellant timely appealed, asserting three assignments of error for review. Appellant's assignments have been rearranged for ease of discussion.
 II. SECOND ASSIGNMENT OF ERROR
"The trial court erred when it denied appellant's motion for judgment of acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure."
 THIRD ASSIGNMENT OF ERROR
"Appellant's conviction is against the manifest weight of the evidence."
 {¶ 6} In his second and third assignments of error, appellant challenges the adequacy of the evidence produced at trial. Specifically, appellant argues that his conviction for theft was based on insufficient evidence and against the manifest weight of the evidence. An evaluation of the weight of the evidence, however, is dispositive of both issues in this case. Appellant's assignments of error lack merit.
 {¶ 7} As a preliminary matter, this Court notes that sufficiency of the evidence produced by the State and weight of the evidence adduced at trial are legally distinct issues. State v. Thompkins (1997),78 Ohio St.3d 380, 386.
 {¶ 8} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, citing Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 9} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 10} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462.
 {¶ 11} Appellant was found guilty of theft, in violation of R.C.2913.02(A)(1), which provides, in relevant part: "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent[.]"
 {¶ 12} Lawrence Brown testified on behalf of the State. Mr. Brown testified that his daughter's vehicle had been in appellant's possession a little over two weeks when he called to tell appellant that his daughter had decided to have the vehicle repaired. Mr. Brown stated that it was at that time, he found out that appellant had junked the car. Upon learning that appellant had taken the car to Cleveland and disposed of it, Mr. Brown stated that he asked appellant how he could junk the vehicle without his daughter's consent, title or registration, and appellant replied: "I know several places, [with a chuckle] where I can take a car and get rid of it without a title or registration." Mr. Brown further testified that at no time had he told appellant that he was free to do whatever he wanted with the vehicle.
 {¶ 13} Angela Brown also testified on behalf of the state. Ms. Brown testified that she was the owner of the vehicle in question. Ms. Brown stated that she did not communicate with the appellant in any manner. Ms. Brown further testified that she did not give appellant permission to tow her car to his home, nor did she ever give appellant permission to take her car and junk it.
 {¶ 14} The State also called Michael LoPresti as a witness. Mr. LoPresti is employed as a polygraph examiner by the Bureau of Criminal Identification and Investigation. Appellant entered into an agreement with his trial counsel and the State to submit to a stipulated polygraph examination. Mr. LoPresti administered the examination. Mr. LoPresti testified that when he questioned appellant regarding his disposal of Ms. Brown's vehicle, appellant failed the test.
 {¶ 15} Officer Thomas M. Brezina also testified on behalf of the State. At the time the incident in question occurred, Officer Brezina was a detective for the Elyria Police Department. Officer Brezina testified that he was assigned the follow-up investigation of the theft of Ms. Brown's vehicle. Officer Brezina stated that he spoke with appellant regarding how he was able to junk Ms. Brown's car without the title. Officer Brezina testified that appellant told him that you can have a vehicle junked if you remove the motor from it. Officer Brezina further testified that removing a motor from a vehicle in order to junk it without the title is illegal in Ohio. Officer Brezina stated that when he asked appellant if he had either Angela or Lawrence Brown's consent to junk the car he replied that he did not, and that he in fact had not spoken with Angela Brown at all.
 {¶ 16} Dawn S. Hunt, appellant's wife was called as a witness on behalf of the defense. Mrs. Hunt testified that she received a message from Angela Brown on her answering machine saying: "This is Angela calling from Akron. I have the title to the car, and it's okay to junk the car." Upon further examination, Mrs. Hunt testified that neither she nor her husband received the title to the vehicle from Ms. Brown.
 {¶ 17} After careful review of the record, this Court cannot conclude that the jury lost its way and created a manifest miscarriage of justice when it convicted appellant of theft. Consequently, this Court finds that appellant's conviction was not against the manifest weight of the evidence.
 {¶ 18} Appellant's second and third assignments of error are overruled.
 FIRST ASSIGNMENT OF ERROR
"The trial court committed prejudicial error when it precluded appellant's counsel from cross examining expert witness Michael Lopresti respecting the limitations of and possibilities for error in the technique of polygraph interrogation contrary to the requirements mandated by the Ohio Supreme Court in [State v. Souel] (1978),53 Ohio St.2d 123."
 {¶ 19} In his first assignment of error, appellant contends that the trial court erred in refusing to permit appellant's trial counsel to cross-examine Michael LoPresti, the stipulated polygraph examiner, regarding the limitations of and possibilities for error in the technique of polygraph interrogation, contrary to the requirements of State v.Souel (1978), 53 Ohio St.2d 123.
 {¶ 20} Given this Court's disposition of appellant's second and third assignments of error, we do not reach the merits of this assignment of error. Assuming, arguendo, that the trial court erred in not allowing appellant's trial counsel to cross-examine the polygraph examiner regarding the limitations of and possibilities for error in the technique of polygraph interrogation, any such error was harmless in light of the manifest weight of the evidence supporting appellant's conviction.
 {¶ 21} Appellant's first assignment of error is overruled.
 III. {¶ 22} Appellant's three assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
SLABY, P.J. and BATCHELDER, J. concur.